## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC, CLERK GREENVILLE

2020 MAR -6  AM 10: 05

**DONALD ROUSE,**          (PRO PER)

Plaintiff,

v.

**DANA NESSEL,** in her official capacity as the

Attorney General of the State of Michigan;

**MICHELLE DOERR-TIBBITS,** in her official and Individual

 capacity as the Attorney General criminal finance division officer;

**DEAN ALAN,** in his official and Individual capacity

as the Macomb county Assistant. Prosecuting Attorney;

**PETER J. MACERONI,** in his official and Individual capacity

as the Macomb County circuit court judge;

Civil Case No.:

**Complaint for Violation of**

**Civil Rights:**

**42 USC 1983**

**Trial by Jury Demanded**

Defendant(s).

_____/

### COMPLAINT

NOW COMES, the Plaintiff, DONALD ROUSE ("Plaintiff" or "Mr. Rouse"), and in support of this complaint against the above-named Defendants, their employees, agents, and successors in office, alleges as follows:

## INTRODUCTION

This case seeks to protect and vindicate fundamental constitutional rights. It is a civil rights action brought under the provisions to the United States Constitution, challenging the actions of the Defendants.

## JURISDICTION AND VENUE

1. Plaintiff alleges that Defendants violated his rights under 42 U.S.C. §1983.

2. This is a federal statute vesting jurisdiction in this Court under 28 U.S.C. §§1331 and 1343.

3. Plaintiff's claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202, by Rules 57 and 65 of the Federal Rules of Civil Procedure, and by the general legal and equitable powers of this Court.

4. Plaintiff's claim for an award of its reasonable costs of litigation, including attorneys' fees and expenses, is authorized by 42 U.S.C. § 1988 and other applicable law.

5. Venue is proper under 28 U.S.C. § 1391(b) because the Defendants are located in this judicial district and **a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.**

## PARTIES

6. Plaintiff is an individual and resident of South Carolina.

7. Defendant, DANA NESSEL is the Attorney General of Michigan. As the Attorney General, she is responsible for creating, adopting, implementing, and enforcing the challenged policy. Defendant Nessel is sued in her official capacity. Street Address: G. Mennen Williams Building P.O. Box 30212, Lansing, Ingham County, MI 48909.  Telephone Number 517-335-7622

8. Defendant, Michelle Doerr-Ttibbits. As the child support criminal finance division officer for the Attorney General office, Defendant Michelle Doerr-Tibbits is sued in his/her official and individual capacity . Street Address: G. Mennen Williams Building, 525 W. Ottawa Street P.O. Box 30212, Lansing, Ingham County, MI 48909. Telephone Number 517- 335-7560

2

9. Defendant, Dean Alan. As the Macomb County assistant prosecuting attorney, Defendant Dean Allan is sued in his official and individual capacity. Street Address: 1 S Main St, Mt Clemens, Macomb County, MI 48043. Telephone Number: 586 469 5350

10. Defendant, Peter J Maceroni As Macomb county circuit court judge, Peter J Maceroni is responsible for issuing and signing court orders. Defendant Peter J Maceroni is sued in his official and individual capacity. Street Address: 19911 Blackfoot Dr, Clinton Township, Macomb County, MI 48038. Telephone Number: N/A

## FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

11. In May, 2015, Plaintiff lived at his residence located in Honea Path, South Carolina.

12. On May 29th, 2015 Plaintiff was arrested in the State of South Carolina by Sheriff Deputy Ken Smith at his residence in Abbeville County South Carolina on a faxed warrant from the State of Michigan Attorney General's office (Michelle Doerr-Tibbits). The warrant was issued for the State of Tennessee not the State of South Carolina, the warrant was issued Jan, 2008.

13. Plaintiff did not flee from justice and did not flee the State of Michigan. The State of Michigan had NO executive authority under the U.S CONSTITUTION Article IV, Section 2, Clause 2 to demand plaintiff be arrested and be returned to the State of Michigan.

14. Plaintiff resided in the State of South Carolina from 2003 - Present.

15. Plaintiff resided in the State of Tennessee from 1992 - 2003.

16. Plaintiff was illegally incarcerated without proper notice, hearing, opportunity to defend or be represented by counsel and without jurisdiction.

17. At all times material to this lawsuit, Defendants had **NO personal jurisdiction** over plaintiff.

18. Plaintiff had NO contacts with the State of Michigan. **(minimum contacts).**

19. Plaintiff's 4th, 5th, 14th Amendment Constitutional Rights were violated.

20. Plaintiff was **not** served or domicile in the State of Michigan. All paperwork in the clerk of court file has plaintiffs address in the State of Tennessee.

3

21. The laws of the State only apply within the State of Michigan and to citizens of the State.

22. The warrant claims the Plaintiff violated a State of Michigan statue, part (1) of MCL 750.165.

23. There was NO probable cause to issue the warrant. Statue MCL 750.165 (1) This section **does not apply** unless the individual ordered to pay support **appeared in**, or received notice by **personal service** of, the **action** in which the support order was issued. Prosecutors are required to show that the Defendant either had appeared in court or received notice by personal service of the proceeding in which the order was issued. Where a prosecutor fails to present evidence on each of the elements of a charged offense, the district court abuses its discretion in binding over the defendant for trial.

24. **Statue MCL 750.165 is ex post facto law**. Before November 3, 1999, the elements of felony failure to pay child support were (1) a court has ordered an individual to pay child support, (2) the individual refused or neglected to pay child support, **and (3) the individual left the state of Michigan.** People v. Ditton, 78 Mich.App. 610, 612-614, 261 N.W.2d 182 (1977).  **(Plaintiff did not live in the State of Michigan non-resident non-citizen, resided in Tennessee)**

25. Statue MCL 750.165 is unconstitutional law.

26. The warrant was based on an order-judgement entered in September 2001.

27. Plaintiff had NO knowledge of the 2001 order-judgement for which the warrant was issued.

28. At all times material to this lawsuit, the 2001 order for which the warrant was issued is **void.** The Order, was issued as if valid even though, in fact, it was issued without judicial review by a non-judicial third party and **in violation** of Michigan law and the **due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution.**

29. A judge giving authority to someone else (Non judicial third party) to issue orders under her/his authority is an **"administrative act"** and not a "judicial act" protected by immunity.

30. Plaintiff never had knowledge of any warrant ever issued.

31. In September 2019 plaintiff obtain knowledge that a clerk of court file existed with all actions taken in this case and copies were made of the file by the clerk of court office for the plaintiff.

32. Plaintiff contacted the two courts listed on the warrant and neither had any knowledge of the warrant.

33. Defendants refuse to give plaintiff the name of the person who signed the warrant and from which court the warrant was issued and information on the complaining witness Michael William.

## COUNT I-VIOLATION OF CIVIL RIGHTS (42 U.S.C. §1983)

### (Against all Defendants)

15. Plaintiff sets forth the above paragraphs as if fully set forth herein.

16. Defendants' conduct violated Plaintiff's rights by interference with their exercise and enjoyment of rights secured by the Constitution and laws of the United States, including due process. Such actions are in violation of 42 U.S.C. § 1983 and the protections against unreasonable searches and seizures and due process clause of the 4th, 5th and 14th amendment of the United States Constitution.

17. Defendants subjected Plaintiff to a deprivation of their Rights, Privileges and Immunities provided by the Constitution, in violation of Due Process and without notice and opportunity to be heard, and without lawful authority.

18. Defendants, by their conduct in committing the acts and omissions complained of herein, did so maliciously, oppressively, in disregard of humanity, and in total disregard of the consequences of the aforementioned acts.

19. As a direct and proximate result of Defendant's actions, Plaintiff has in the past suffered, and will continue to suffer damages, including but not limited to mental anguish, emotional distress, physical injury, and loss of revenue.

**WHEREFORE, Plaintiff asks this Court:**

A) to declare that Defendants' policy violates the Fourth, Fifth and Fourteenth Amendments to the United States Constitution as set forth in this Complaint;

B) to permanently enjoin the challenged policy and its application to Plaintiff as set forth in this Complaint;

C) to order the disclosure of any files or databases containing information about Plaintiff or Plaintiff's as set forth in this Complaint;

D) to award Plaintiff its reasonable attorney fees, costs, and expenses pursuant to 42 U.S.C. § 1988, and other applicable law;

E) to grant such other and further relief as this Court should find just and proper.

## TRIAL BY JURY

Trial by jury is hereby demanded of all issues so triable for each count of this complaint.

In addition to the Complaint, the Court may consider "any exhibits attached thereto, public records, items appearing in the record of the case.

Respectfully submitted,

DONALD ROUSE

720 Montague Ave   # 115
Greenwood South Carolina, 29649
864 933 8840

3/6/2020

6