IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Donald Rouse, | ) | Case No. 8:20-cv-00954-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Dana Nessel, Michelle Doerr-Tibbits, | ) | |
| Dean Alan, Peter J. Maceroni, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's Complaint alleging violations of his constitutional rights.  ECF Nos. 1.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation ("Report").  On March 20, 2020, the Magistrate Judge issued a Report recommending that the Complaint be dismissed.  ECF No. 9.  Plaintiff filed objections to the Report.  ECF No. 11.  The Court respectfully declined to adopt the Report and remanded this action to the Magistrate Judge for further evaluation.  ECF No. 14.  On July 6, 2020, the Magistrate Judge issued a second Report recommending that this action be dismissed without service of process or, in the alternative, transferred to the United States District Court for the District of Michigan.  ECF No. 17.  Plaintiff filed objections to the Report.  ECF No. 19.

**APPLICABLE LAW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

**ANALYSIS**

The Magistrate Judge recommends summary dismissal of this action because Plaintiff failed to state a plausible claim for relief with respect to any claim for false arrest or malicious prosecution, Plaintiff failed to allege more than cursory allegations against the Defendants, Plaintiff's false arrest claim is barred by the applicable statute of limitations, Plaintiff's claims are barred by the *Younger* abstention doctrine, Defendants are immune from suit for any monetary damages, venue is not proper in this District, and because Plaintiff's claim is barred by the *Rooker-Feldman* doctrine to the extent he intends to have this Court review any Michigan family court orders regarding child

support. In the alternative, she recommends transfer of this action to the United States District Court for the Eastern District of Michigan.

With respect to venue, the Magistrate Judge found that venue in this District is improper because "all four Defendants appear to be citizens and residents of Michigan. Further, Plaintiff appears to allege that a prosecutor and a judge in Macomb County, Michigan, are responsible for the warrant and orders of which he complains." In his objections, Plaintiff argues that he "was injured in the State of South Carolina in this district by the defendants without jurisdiction and lawful authority under the U.S. Constitution and violated the Plaintiffs Constitutional Rights in this district."

Upon review, the Court agrees with the recommendation of the Magistrate Judge that venue is not proper in this district. Federal district courts are vested with the inherent power to control and protect the administration of court proceedings. *White v. Raymark Indus., Inc.*, 783 F.2d 1175, 1177 (4th Cir. 1986). A court has the power to consider *sua sponte* whether venue is proper. *See Jensen v. Klayman*, 115 Fed. Appx. 634, 635–36 (4th Cir. 2004) (per curiam). Pursuant to 28 U.S.C. § 1391(b),

> (b) Venue in general.—A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in

    which any defendant is subject to the court's personal jurisdiction with respect to such action.

In absence of venue, a court has authority sua sponte to transfer under either 28 U.S.C. § 1404(a) or § 1406(a), or both. *See Jensen*, 115 F. App'x. at 635–36; *In re Carefirst of Md., Inc.*, 305 F.3d 253, 255–56 (4th Cir. 2002). 28 U.S.C. § 1406(a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

 Here, the District of South Carolina is the wrong district for venue under 28 U.S.C. § 1391, as Plaintiff's Complaint alleges that all Defendants are residents of Michigan and the events that gave rise to this action occurred in the Eastern District of Michigan. While Plaintiff contends that his injury occurred in South Carolina, the crux of Plaintiff's alleged injuries pursuant to the Fifth and Fourteenth Amendments originated in Michigan.

 The interests of justice weigh heavily in favor of transferring this action particularly in light of the fact that Plaintiff paid the full filing fee. Further, transferring the case is in keeping with the ultimate goal of allowing cases to be decided on their substantive merits, as opposed to being decided on procedural grounds. *See Goldlawr v. Heiman*, 369 U.S. 463, 466–67 (1962); *Dubin v. U.S.*, 380 F.2d 813, 815 (5th Cir. 1967).[1]

---

[1] Because the court raised the issue of transfer of venue sua sponte, pursuant to *Feller v.Brock*, 802 F.2d 722, 729 n.7 (4th Cir.1986), Plaintiff must be given an opportunity to be heard before a final decision on transfer is rendered. *See also Magic Toyota, Inc. v. Southeast Toyota Distribs., Inc.*, 784 F. Supp. 306, 321 (D.S.C.1992); *Sadighi v. Daghighfekr*, 36 F. Supp. 2d 267, 278 (D.S.C. 1999). Plaintiff's opportunity to file timely objections to the Report is considered to be the required opportunity to be heard under *Feller* before a final decision on transfer is rendered.

**CONCLUSION**

For the foregoing reasons, the Court adopts the recommendation of the Magistrate Judge that venue is improper in this District and **TRANSFERS** this case to the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1406(a). The Court specifically declines to address the remainder of the Report.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

August 3, 2020
Spartanburg, South Carolina