UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD ROUSE,

    Plaintiff,

v

DANA NESSEL, in her official capacity as Attorney General of the State of Michigan, MICHELLE DOERR-TIBBITS, in her official and individual capacities as the Attorney General Criminal Finance Division Officer, DEAN ALAN, in his official and individual capacity as the Macomb County Assistant Prosecuting Attorney, and PETER J. MACERONI, in his official and individual capacities as the Macomb County Circuit Court Judge,

    Defendants.
_____/

No. 2:20-cv-12088

HON. LINDA V. PARKER

MAG. R. STEVEN WHALEN

Donald Rouse, *In Pro Per*
140 Lein Drive
Iva, South Carolina 29655
864.933.8840

Bryan W. Beach (P69681)
Assistant Attorney General
Attorney for Defendants Nessel & Doeer-Tibbits
PO Box 30736
Lansing, Michigan 48909
517.335.7659
beachb@michigan.gov
_____/

## DEFENDANTS ATTORNEY GENERAL DANA NESSEL AND MICHELLE DOER-TIBBITS' MOTION TO DISMISS

Defendants Attorney General Dana Nessel and Michelle Doer-Tibbits move for the dismissal of Plaintiff Donald Rouse's complaint pursuant to Fed. R. Civ. Proc. 12(b) (6), for the reasons that this court lacks jurisdiction; the applicable statute of limitations bars his claims; and he has failed to state a claim for which relief may be granted.

For these reasons and the reasons stated more fully in the accompanying brief in support, Defendants Attorney General Dana Nessel and Michelle Doer-Tibbits respectfully request that this Honorable Court enter an order dismissing Plaintiff's Complaint against them pursuant to Fed. R. Civ. Proc. 12(b)(1) and (6), in addition to any other relief this court deems just and equitable under the circumstances, including an award for costs and fees incurred in defense of this groundless action.

On October 7, 2020, counsel for Defendants attempted to directly contact Plaintiff by telephone for concurrence pursuant to E.D. Mich. LR 7.1(a), but did not receive a response.

Respectfully submitted,

DANA NESSEL
Attorney General

*s/Bryan W. Beach*
Bryan W. Beach (P69681)
Assistant Attorney General
Attorney for Defendant Nessel &
Doeer-Tibbits
P.O. Box 30736
Lansing, Michigan 48909
517.335.7659
Email: beachb@michigan.gov

Dated: October 8, 2020

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD ROUSE,

    Plaintiff,

v

DANA NESSEL, in her official capacity as Attorney General of the State of Michigan, MICHELLE DOERR-TIBBITS, in her official and individual capacities as the Attorney General Criminal Finance Division Officer, DEAN ALAN, in his official and individual capacity as the Macomb County Assistant Prosecuting Attorney, and PETER J. MACERONI, in his official and individual capacities as the Macomb County Circuit Court Judge,

    Defendants.

No. 2:20-cv-12088

HON. LINDA V. PARKER

MAG. R. STEVEN WHALEN

_____/

Donald Rouse, *In Pro Per*
140 Lein Drive
Iva, South Carolina 29655
864.933.8840

Bryan W. Beach (P69681)
Assistant Attorney General
Attorney for Defendants Nessel & Doeer-Tibbits
PO Box 30736
Lansing, Michigan 48909
517.335.7659
beachb@michigan.gov

_____/

# BRIEF IN SUPPORT OF DEFENDANTS ATTORNEY GENERAL DANA NESSEL AND MICHELLE DOER-TIBBITS' MOTION TO DISMISS

# CONCISE STATEMENT OF ISSUES PRESENTED

I. Under the Rooker-Feldman doctrine, federal courts are barred from reviewing state court proceedings. Plaintiff's claims are based on allegations error regarding a state court order to pay child support and the enforcement of that order. Are Plaintiff's claims barred by Rooker-Feldman?

II. The statute of limitations for federal civil rights cases pursuant to 42 USC §1983 is three years. Plaintiff's cause of action took place on May 29, 2015 and he filed his complaint on March 6, 2020. Are his claims time barred?

III. Under the Federal Rules of Civil Procedure, a complaint must put defendants on notice as to what is being claimed and the basis for those claims. Plaintiff's complaint fails to include allegations stating a viable claim against Defendants Nessel or Doer-Tibbits. Must Plaintiff's complaint against these defendants be dismissed?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Authority*:

*District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

*Fox v. DeSoto*, 489 F.3d 227 (6th Cir. 2007).

*Bell Atlantic Corp v Twombly*, 550 US 544 (2007).

i

## BACKGROUND

The following facts are drawn from Rouse's complaint. While Defendants Nessel and Doer-Tibbits are not in a position to confirm the veracity and completeness of the facts alleged, they will rely upon them for the purposes of this motion only. Rouse initially filed this civil action with the United States District Court for the District of South Carolina. On August 8, 2020, the case was transferred to the Eastern District of Michigan.

This case appears to involve the imposition of child support by the Macomb County Circuit Court and the execution of an arrest warrant issued for Rouse due to failure to pay. (R.1, Complaint, Page ID # 3-6). Rouse does not allege specifically what Defendants Nessel and Doer-Tibbits did. The only allegation implied is that somehow Doerr-Tibbits was involved with the faxing of a warrant for his arrest. (R.1, ¶12, Page ID # 3).

## STANDARD OF REVIEW

In a motion to dismiss for failure to state a claim under Fed. R. Civ P 12(b)(6), the Court must accept as true the allegations of Plaintiff's complaint and then determine whether the statements are sufficient to make out a right of relief. *United States v. Gaubert*, 499 U.S. 315, 327; 111 S. Ct. 1267, 1276 (1991). However, although it must accept well-pled facts as true, the court is not required to accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). In evaluating the sufficiency of a plaintiff's pleadings, the Court may make reasonable inferences in Plaintiff's favor, "but [the Court is] not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, conclusory allegations are "not entitled to be assumed true." *Iqbal*, 129 S. Ct. at 1951.

A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face. See *Iqbal*, 129 S. Ct. at 1950 (explaining "only a complaint that states a plausible claim for relief survives a motion to dismiss"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-62, 570, 127 S. Ct. 1955, 1968-69, 1974, 167 L. Ed. 2d 929 (2007) (retiring the prior "unless it appears beyond doubt that the

plaintiff can prove no set of facts" standard). In *Twombly* the Supreme Court emphasized a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965. Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555, 127 S. Ct. at 1964-65 (internal citations and emphasis omitted).

In *Iqbal*, the Supreme Court reiterated that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss. *Id*. The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974.

# ARGUMENT

**I.     Under the *Rooker-Feldman* doctrine, federal courts are barred from reviewing state court proceedings.  Rouse's claims are based on allegations of error regarding state court child support proceedings and must be dismissed.**

The basis of Rouse's complaint is his unhappiness that a Michigan state court ordered him to pay child support and that he was then later arrested due to a failure to pay.  Rouse makes allegations that challenge the judge's order to pay child support and the validity of the warrant for his arrest.  It appears, therefore, that Plaintiff's Complaint is an attempt to have the state-court proceedings reviewed by a federal court.

But United States district courts do not have subject matter jurisdiction to entertain "challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges alleged that the state court's action was unconstitutional." *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 486 (1983).  This court thus lacks jurisdiction to review the legality of the state court's orders in the proceedings challenged here.  The U.S. Supreme Court has exclusive jurisdiction over such a review.  28 U.S.C. § 1257; *Feldman at* 482, 486; *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415-416 (1923).  The application of the *Rooker-Feldman* doctrine

4

includes cases brought under 42 USC § 1983 because of the "full faith and credit" given to state judicial proceedings. See e.g. *Gottfried v. Med Planning Servs, Inc,* 142 F.3d 326, 330 (6th Cir. 1998).

In *Exxon Mobil Corp v. Saudi Basic Industries Corp,* the Supreme Court limited the doctrine to those cases brought by a state court loser complaining of injuries caused by state court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments. *Exxon Mobil Corp v. Saudi Basic Indus Corp*, 544 U.S. 280, 292-293 (2005). This is such a case.

United States district courts do not have subject matter jurisdiction to entertain "challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges alleged that the state court's action was unconstitutional." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983). This Court cannot review the legality of the state court's actions in the proceedings challenged here, and lacks jurisdiction over the subject matter of this lawsuit. Accordingly, the Court must dismiss the complaint.

5

## II. Rouse's claims pursuant to § 1983 are time barred.

Constitutional claims asserted under 42 U.S.C. § 1983 are governed by the state personal injury statute of limitations. *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) (citing *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)). Therefore, Rouse's claims in this case are subject to a three-year period of limitation. See *McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988). The date on which the statute of limitations begins to run in a § 1983 action, however, is a question of federal law. *Drake v. City of Detroit*, 266 Fed.Appx. 444, 448 (6th Cir.2008). The limitations period begins to run when a plaintiff knew or should have known of the injury forming the basis of his complaint. *Sharpe v. Cureton*, 319 F.3d 259, 266 (6th Cir. 2003). For § 1983 claims, the statute of limitations begins to run on the date that the alleged violation occurred. See *Wallace v. Kato*, 549 U.S. 384, 397, 127 S. Ct. 1091, 1100, 166 L.Ed. 2d 973 (2007) (holding that the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment "begins to run at the time the claimant becomes detained pursuant to legal process").

Here, Rouse was arrested in South Carolina on May 29, 2015. The statute of limitations began to run on that date. He did not file this

lawsuit until March 6, 2020 which is almost 5 years later. Therefore, Rouse's claims are time barred and must be dismissed.

### III. Rouse's complaint fails to include allegations stating a viable claim against Defendants Nessel and Doer-Tibbits and must be dismissed.

*Pro se* pleadings must be construed liberally by the Court. See *Haines v. Kerner*, 404 U.S. 519, 520, 30 L. Ed. 2d 652, 92 S. Ct. 594 (1972). However, although pro se litigants are afforded some leniencies, courts are not required to conjure unstated allegations or guess the plaintiff's claims. See e.g. *Wells v. Brown et al*, 891 F.2d 591, 594 (6th Cir. 1989) (citations omitted). A complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but the Rule does call for sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Bell Atlantic Corp v Twombly*, 550 US 544 (2007); *Ashcroft v Iqbal*, 556 US 662 (2009). The plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Twombly*, 550 US at 555. The pleading must contain something more than a statement of facts that merely creates a suspicion of a legally

cognizable right of action on the assumption that all the allegations in the complaint are true. *Id.* Here, Rouse has failed to meet even these minimal standards.

It is not specifically clear from the Complaint what Defendants Nessel and Doer-Tibbits have done that would subject them to liability under any of the theories referenced in the Complaint. Attorney General Nessel is identified once at the outset of the Complaint and accused of being "responsible for creating, adopting, implementing, and enforcing the challenged policy". (R.1, ¶7, Page ID # 2). However, nowhere does it state what exact policy is being challenged. Likewise, the Complaint identifies Doer-Tibbits at the outset and then later implies her involvement with the faxing of the warrant. (R.1, ¶2, 12 Page ID # 2-3). Nowhere else are either Attorney General Nessel or Doer-Tibbits mentioned. Also, while a pro se plaintiff might not be held strictly to the requirement of Fed. R. Civ. P. 8(a) that a complaint contain a "short and plain statement" of the grounds for federal jurisdiction, there must be some form of averment sufficient to establish subject-matter jurisdiction. See *Jones* at 14-15. In the absence of any allegations stating a viable cause of action, giving notice of the nature of the claims, or establishing subject matter jurisdiction, Plaintiff has

failed to state a claim against Defendants Nessel and Doer-Tibbits, and the complaint against them must be dismissed.

## CONCLUSION AND RELIEF REQUESTED

For these reasons, Defendants Attorney General Dana Nessel and Michelle Doer-Tibbits respectfully request that this Honorable Court enter an order dismissing Plaintiff's complaint against them in its entirety and with prejudice pursuant to Fed. R. Civ. Proc. 12(b)(6), in addition to any other relief this court deems just and equitable under the circumstances, including an award for costs and fees incurred in defense of this groundless action.

9

Respectfully submitted,

DANA NESSEL
Attorney General

*s/Bryan W. Beach*
Bryan W. Beach (P69681)
Assistant Attorney General
Attorney for Defendant Nessel &
Doeer-Tibbits
P.O. Box 30736
Lansing, Michigan 48909
517.335.7659
Email: beachb@michigan.gov

Dated: October 8, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2020, I electronically filed the above

document(s) with the Clerk of the Court using the ECF System and

that I have mailed by United States Postal Service the document(s) to

the following non-ECF participants:

Mr. Donald Rouse
140 Lein Drive
Iva, South Carolina 29655

*s/Bryan W. Beach*
Bryan W. Beach (P69681)
Assistant Attorney General
P.O. Box 30736
Lansing, Michigan 48909
517.335.7659
Email: beachb@michigan.gov
