IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

DONALD ROUSE,

    Plaintiff,

v.                                           Case No.: 2:20-cv-12088

DANA NESSEL, et al.,            Hon. Linda V. Parker

    Defendants.                 Mag. Judge R. Steven Whalen

_____/

**PLAINTIFF DONALD ROUSE'S OBJECTION TO DEFENDANT DEAN ALAN'S**

**MOTION TO DISMISS [DOCKET ENTRY NO. 7]**

COMES NOW, the Plaintiff, DONALD ROUSE ("Plaintiff" or "Mr. Rouse") and sets forth the following objections to the Motion To Dismiss (the "MTD") of Defendant, Dean Alan ("Defendant" or "Mr. Alan") and says the following:

**STATEMENT OF FACTS**

1. This matter was initially filed in the United States District Court for the District of South Carolina with Case No. 8:20-cv-00954 (the "Initial Case").

2. On March 20, 2020, in the Initial Case, Magistrate Judge Jacquelyn D. Austin (the "Magistrate Judge") entered a Recommended Order (the "Report" or the "Recommendation") that recommended that ECF No. 1, the Plaintiff's Complaint filed pursuant to 42 U.S.C. §1983 (the "Complaint") be dismissed and that no summons for service of process be issued.

3. On August 8, 2020 this case was transferred to this district.

4. Now Mr. Alan has filed a MTD.

5. The Complaint in this matter names several Defendants and in the Complaint, Mr. Alan is the prosecutor who at all times relevant, worked for Macomb County as an Assistant Prosecutor.[1]

6. On or about May 29, 2015, Plaintiff was arrested in the state of South Carolina due to a warrant that was placed out for his arrest by the Michigan Attorney General's Office.

## LEGAL ARGUMENTS

7. There are four arguments of Mr. Alan and they are as follows: 1) The Rule 12(b)(6) Predicate, 2) The District Court Lacks Jurisdiction, 3) The Statute of Limitations, 4) Conclusory Pleadings and 5) Prosecutorial Immunity.

8. As it relates to the Rule 12(b)(6) arguments, Plaintiff sets forth that, Mr. Alan sets forth, that the Federal Rules of Civil Procedure require that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal pursuant to Rule12(b)(6), a complaint must contain sufficient factual matter to "`state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)

9. The Complaint of the Plaintiff meets this standard as it relates to all of the causes of action.

10. Accepting the allegations in the Complaint as true, the Complaint states a cause of action.

---

[1] Plaintiff does not waive the right to amend his Complaint in this matter as to any Defendant(s).

11. As it relates to the Jurisdiction arguments, Plaintiff sets forth that the *Rooker-Feldman* doctrine does not preclude jurisdiction of the court in this matter.

12. "The *Feldman* Court stated that "United States District Courts ... do not have jurisdiction ... over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may only be had in this Court." *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923).

13. *Since Exxon*, the Sixth Circuit has instructed that the relevant inquiry is the "source of the injury" as alleged by the plaintiff: If the source of the injury is the state court decision, then the Rooker-Feldman doctrine would prevent the district court from asserting jurisdiction. **If there is some other source of injury,** such as **a third party's actions**, then the plaintiff **asserts an independent claim**. McCormick v. Braverman, 451 F.3d 382, 393 (6th Cir. 2006).

14. There are no pending state proceedings that the Plaintiff is seeking a review of, but rather, the Plaintiff is seeking to prevail on the issue of the ongoing violation of his civil rights.

15. As it relates to the arguments as to the Statute of Limitations, Plaintiff sets forth that the issue of when the statute of limitations starts to run is applicable in this matter.

16. It has been held that the statute of limitations starts to run at the termination of the state proceedings at issue.  Dunn v. State of Tenn., 697 F. 2d 121 (6th Cir. 1982)

17. The applicable statue of limitations is the one, based on the state in which the action was brought. *Swiecicki v. Delgado*, 463 F. 3d 489 (6th Cir. 2006)

18. Plaintiff was arrested in 2015, however the warrant for his arrest continues to be active.

19. Hence, the statute of limitations starts to run from the current time period and not from the year 2015

20. As it relates to the arguments that the pleadings are Conclusory, Plaintiff sets forth again that he has met the standard for stating a cause of action under Rule12(b)(6).

21. Finally, as it relates to the arguments as to Prosecutorial Immunity, Plaintiff sets forth that Mr. Alan cannot according to his own arguments articulate why or how he is entitled to said immunity, but instead just sets forth that he should get absolute prosecutorial immunity.

22. "the Eleventh Amendment does not bar claims for prospective injunctive relief against state officials in their official capacities." Negron-Almeda v. Santiago, 579 F.3d 45, 52 (1st Cir. 2009).

23. individual-capacity claims are not barred by the Eleventh Amendment. Guillemard-Ginorio v. Conteras-Gomez, 585 F.3d 508, 531 (1st Cir. 2009).

24. The Supreme Court found the award of prospective relief to be appropriate pursuant to Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), in which the Supreme Court held that the eleventh amendment does not bar an action in the federal courts brought to enjoin a state official from enforcing a statute claiming to violate the United States Constitution. Edelman, 415 U.S. at 663-64, 94 S.Ct. at 1356, 39 L.Ed.2d at 673.

## CONCLUSION

25. The Motion To Dismiss should be denied.

DATED this 10th day of October 2020.

                                            Respectfully submitted,

*/s/ Donald Rouse*
DONALD ROUSE
140 Lein Dr
Iva, SC 29655
864 933 8840

## **CERTIFICATE OF SERVICE**

I certify, that a true copy of the foregoing has been filed with the of on this ____ day of October, 2020, as set forth below:

Respectfully submitted,

_____
DONALD ROUSE