IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

DONALD ROUSE,

     Plaintiff,

v.                                Case No.: 2:20-cv-12088

DANA NESSEL, et al.,           Hon. Linda V. Parker

     Defendants.             Mag. Judge R. Steven Whalen

_____/     EXTRA COPY

## PLAINTIFF DONALD ROUSE'S OBJECTION TO DEFENDANT'S DANA NESSEL MICHELLE TIBETTS MOTION TO DISMISS [DOCKET ENTRY NO. 11]

COMES NOW, the Plaintiff, DONALD ROUSE ("Plaintiff" or "Mr. Rouse") and sets forth the following objections to the Motion To Dismiss (the "MTD") of Defendants, DANA NESSEL and MICHELLE TIBBITS ("Defendants" or "Ms. Nessel, Ms, Tibbits")  and says the following:

Plaintiff can file one amended complaint without permission of the Court or the consent of the defendant(s) so long as the amended complaint is filed **within** 21 days after serving the original complaint or the amended complaint is filed within 21 days after service of the answer or a motion under Rule 12(b), (e) or (f). Defendants Nessel and Tibbits were served. The Amended Complaint was received by the Clerk of Court office within the 21 days after serving the complaint. Plaintiff is not time barred by the statute of limitations . It has been held that the statute of limitations starts to run at the termination of the state proceedings at issue.  Dunn v. State of Tenn., 697 F. 2d 121 (6th Cir. 1982) The applicable statue of limitations is the one, based on the state in which the action was brought.  Swiecicki v. Delgado, 463 F. 3d 489 (6th Cir. 2006). Fraud is under a 6 year statute of limitations under MCL 600.5813 and 5 years under 18 U.S. Code § 3282.

As it relates to the Jurisdiction arguments, Plaintiff sets forth that the Rooker-Feldman doctrine does not preclude jurisdiction of the court in this matter.  Since Exxon, the Sixth Circuit has instructed that the relevant inquiry is the "source of the injury" as alleged by the plaintiff: If the source of the injury is the state court decision, then the Rooker-Feldman doctrine would prevent the district court from asserting jurisdiction. **If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim**. McCormick v. Braverman, 451 F.3d 382, 393 (6th Cir. 2006).

There are no pending state proceedings that the Plaintiff is seeking a review of, but rather, the Plaintiff is seeking to prevail on the issue of the ongoing violation of his civil rights.

<u>**CONCLUSION**</u>

The Motion should be denied

DATED this 13th day of October 2020.

Respectfully Submitted,

Donald Rouse

Donald Rouse

140 Lein Dr

Iva, South Carolina 29655

864 933 8840

**CERTIFICATE OF SERVICE**

I certify that a true copy of the foregoing has been filed with the Clerk of the Court using the ECF

filing system of on this 13TH day of October, 2020, as set forth below;

I electronically filed the foregoing paper with the Clerk of the Court using the ECF filing system I further

certify that I have sent by United States Postal Service Priority mail to the following:

Bryan W. Beach

Assistant Attorney General

P.O. Box 30736

Lansing, Michigan 48909

517 335 7659

Respectfully Submitted,

*Donald Rouse*

Donald Rouse

140 Lein Dr

Iva, South Carolina 29655

864 933 8840