UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD ROUSE,

     Plaintiff,

v.

     Civil Case No. 20-12088
     Honorable Linda V. Parker

DANA NESSEL,
MICHELLE DOERR-TIBBITS,
DEAN ALAN, and PETER J. MACERONI,

     Defendants.

_____/

**OPINION AND ORDER (1) REJECTING PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION [ECF NO. 39]; (2) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [ECF NO. 37]; (3) GRANTING DEFENDANT DEAN ALAN'S MOTION TO DISMISS [ECF NO. 7]; (4) GRANTING DEFENDANTS' DANA NESSEL AND MICHELLE DOERR-TIBBITS' MOTION TO DISMISS [ECF No. 8]; (5) DENYING PLAINTIFF'S MOTIONS TO AMEND HIS COMPLAINT [ECF NOS. 9, 21, AND 26]; AND (6) FINDING MOOT PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER DENYING PLAINTIFF'S MOTION FOR ALTERNATE SERVICE [ECF NO. 38]**

On March 6, 2020, Plaintiff Donald Rouse filed a *pro se* civil rights action under 42 U.S.C. § 1983. (Compl., ECF No. 1.) The case was originally filed in the District of South Carolina but was subsequently transferred to this District. (ECF No. 2.) Plaintiff named as Defendants: Dana Nessel, the Attorney General of Michigan; Michelle Doerrr-Tibbits, identified as an "Attorney General

criminal finance division officer"; Dean Allen, a Macomb County Prosecutor; and Peter J. Maceroni, a now retired Macomb County Circuit Court Judge.  (*Id.*)

In broad terms, Rouse challenges his arrest in South Carolina based on a warrant that originated with the Michigan Attorney General's Office for a failure to pay child support pursuant to a court order.  The Court referred the matter to Magistrate Judge R. Steven Whalen for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation ("R&R") on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B).  (ECF No. 35.)  The matter was reassigned to Magistrate Judge Kimberly G. Altman on June 24, 2021, and referred to her for all pretrial proceedings on July 1, 2021.

Before the Court are: (1) a motion to dismiss filed by Alan (ECF No. 7); (2) a motion to dismiss filed by Nessel and Doerrr-Tibbits (ECF No. 8); and (3) Plaintiff's three motions to amend his complaint.  (ECF Nos. 9, 21, 26).  Plaintiff also filed motions for alternate service (ECF Nos. 16, 17), which Magistrate Judge Altman denied (ECF No. 36)—a decision to which Plaintiff has objected (ECF No. 38.)

Magistrate Judge Altman issued a Report and Recommendation ("R&R") on July 30, 2021, recommending that the Court grant the pending motions to dismiss and deny Plaintiff's motions to amend.  (ECF No. 37.)

In the R&R, Magistrate Judge Altman concludes that (1) Plaintiff's Complaint is not subject to dismissal on statute of limitations grounds; (2) under *Rooker-Feldman* the Court does not have jurisdiction to hear Plaintiff's claims; (3) Plaintiff's claims against Alan should be dismissed on the basis of absolute prosecutorial immunity; and (4) Plaintiff's claims against Judge Maceroni should be dismissed because he is entitled to absolute judicial immunity.  (ECF No. 37.) Magistrate Judge Altman concludes that any amendment of Plaintiff's pleading would be futile.  (*Id*. at Pg ID 435.)

At the conclusion of the R&R, Magistrate Judge Altman advises the parties that they may object to and seek review of the R&R within fourteen days of service upon them.  (ECF No. 37 at Pg ID 37-38.)  On August 9, 2021, Plaintiff filed his objections to the R&R.  (ECF No. 38.)

## BACKGROUND

In his Complaint, Plaintiff alleges that he was arrested at his home in South Carolina on May 29, 2015, based on an arrest warrant from the State of Michigan Attorney General's Office. (Compl. ¶ 12, ECF No. 1 at Pg ID 3.)  Plaintiff states that the warrant alleged that he violated Michigan Compiled Laws § 750.165(1), but that there was no probable cause to issue the warrant.  (*Id*. ¶ 23 at Pg ID 4.) Plaintiff bases this claim on the allegation that he "had no knowledge of the 2001 order-judgement [sic] for which the warrant was issued."  (*Id*. ¶ 27.)  Plaintiff

3

claims that the warrant was void, or alternatively, that it was issued in violation of the Due Process Clause of the Fifth and Fourteenth Amendments. (*Id.* ¶ 28.)

Attached to the Complaint as Exhibit A is a fax cover sheet from Doerr-Tibbits of the Child Support Division of the Michigan Attorney General's Office to Abbeville County, South Carolina, advising that there was a felony arrest warrant for Rouse, and that extradition was sought. (ECF No. 1-1 at Pg ID 11.) Exhibit D of the Complaint is a copy of a divorce judgment in *Sandra Rouse v. Donald Gary Rouse*, entered by the Macomb County Michigan Circuit Court on September 13, 1994. (*Id.* at Pg ID 14-15.) Exhibit K is a child support order in the divorce case, entered on September 26, 2001 by Macomb County Circuit Court Judge Peter J. Maceroni. (*Id.* at Pg ID 25-26.) Exhibit L is a petition for entry of a child support arrearage repayment order submitted by the Macomb County Friend of the Court on July 7, 2011. (*Id.* at Pg ID 27.) It includes Judge Tracy A. Yokich's order for Plaintiff to appear in person on August 9, 2011. (*Id.*)

## **STANDARD OF REVIEW**

When objections are filed to a magistrate judge's R&R on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Nevertheless, the Court "is not required to articulate all of

the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the R&R waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

The purpose of filing objections is to focus the district judge's "attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 147. Thus, a party's objections must be "specific." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citations omitted). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Id.* (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). Moreover, objections that merely restate arguments previously presented, do not sufficiently identify alleged errors on the part of the magistrate judge. *Senneff v. Colvin*, No. 15-cv-13667, 2017 WL 710651, at *2 (E.D. Mich. Feb. 23, 2017) (citing cases). An objection that does nothing more than disagree with a magistrate judge's conclusion, or simply summarizes what has been argued before, is not considered a valid objection. *Howard v. Sec'y of Health*

*and Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *Watson v. Jamsen*, No. 16-cv-13770, 2017 WL 4250477, at *1 (E.D. Mich. Sept. 26, 2017).

## ANALYSIS

Plaintiff raises nineteen objections to the R&R and essentially repeats the arguments raised in response to Defendants' motions and his motion to amend. Plaintiff summarizes his objections as follows:

> The Federal District Court has jurisdiction over this matter. The legal questions before the Court are, Malicious Prosecution, Personal Jurisdiction, Probable Cause, was the plaintiff injured by a third-party action and do the laws of the State of Michigan apply to the plaintiff, The plaintiffs rights secured by the U.S Constitution under the 4th, 5th, 14th , Amendment were violated and Trespassed Upon, Did the State of Michigan have the executive Authority under Article 2 Sec 2 Cl 2 to arrest and extradite the plaintiff, Fraud, Fraud upon the Court, Wire Fraud, MCL 750.165 is Unconstitutional law.

(ECF No. 39 at Pg ID 494.) Plaintiff also asserts in several of his objections that *Rooker-Feldman* does not apply to his claims and that immunity does not apply to Judge Maceroni or Alan. These arguments were all addressed in detail in the R&R and Plaintiff has not articulated any valid objection to Magistrate Judge Altman's analysis.[1] Plaintiff merely reargues the points raised in his earlier briefs, without

---

[1] Plaintiff also asserts baseless accusations about the ethics and impartiality of Magistrate Judge Altman. (*See* ECF 39 at Pg ID 447, 493.) The Court disagrees with these claims and finds them to be unsupported.

6

highlighting errors and without challenging the analysis detailed in the R&R in any meaningful way.

Plaintiff objects to the R&R's finding that any amendment to his pleading would be futile and argues that he has "no legal experience and tried to understand what the court is asking …." (*Id*. at 480.) Magistrate Judge Altman, however, acknowledged Plaintiff's pro se status and took his status into consideration when evaluating his claims and arguments. (*See* ECF No. 37 at Pg ID 418.) The Court also adopts the finding of Magistrate Judge Altman that amending the complaint would be futile as the claims would remain barred by *Rooker-Feldman*. Plaintiff also objects to the order denying alternate service, but this matter has already been decided by the Court. (ECF No. 36)

The Court concludes that Magistrate Judge Altman accurately analyzed the merits of Plaintiff's claims. Thus, the Court rejects Plaintiff's objections to the R&R and adopts Magistrate Judge Altman's July 30, 2021 R&R.

Accordingly,

**IT IS ORDERED** that Defendants' motions for summary judgment (ECF Nos. 7,8) are **GRANTED**, that Defendants Alan, Nessel, Doerrr-Tibbits, and Judge Maceroni be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's motions to amend (ECF Nos.

9, 21, 26) be **DENIED**.

    **IT IS SO ORDERED.**

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: September 29, 2021


I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 29, 2021, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan<br>
Case Manager

8